UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                609-989-0478
United States Bankruptcy Judge                                                              609-989-2259 Fax

March 22, 2012

E. Carlton Kromer, Esq.
Kromer Law Firm, LLC
208 Main Street, Suite 201
Asbury Park, NJ 07712
Attorney for A&A Sameday Courier, Inc.

Yakov Rudikh, Esq.
Rudikh and Associates, LLC
223 Rt. 18 South, Suite 108
East Brunswick, NJ 08816
Attorney for Debtor

                              Re:  In re Davinder Singh (Chapter 7) (MBK)
                                   Case No. 11-18396
                                   Adv. Pro. No. 11-02117

Counselors:

   This matter is before the Court upon the competing summary judgment motions of A&A Sameday Courier, Inc. ("A&A") and Davinder Singh ("Debtor"), relative to A&A's adversary complaint ("Complaint") against the Debtor, which seeks to declare certain debts non-dischargeable pursuant to 11 U.S.C. § 523(a). The Court has reviewed the pleadings submitted and entertained oral argument on January 23, 2012. The Court issues the following ruling:

   **I.        Jurisdiction**

   The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the

meaning of 28 U.S.C. §§ 157(b)(2)(A), (I) and (J).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    Background

On March 21, 2011 ("Petition Date"), the Debtor filed his voluntary Chapter 7 petition. On July 9, 2011, A&A filed its Complaint against the Debtor.  In short, the Complaint alleges that, while an employee of A&A, the Debtor stole certain proprietary information from A&A and used that information to conduct business with one of A&A's customers, R.L. Plastics.  The Complaint further alleges that such conduct was in violation of a non-disclosure agreement and vendor agreement ("Agreements") that A&A required all employees to execute, and which the Debtor did in fact execute.

Prior to the Petition Date, A&A sought to enforce its rights against the Debtor by initiating a state court action for breach of the above-referenced Agreements.  Judge Ciuffani conducted a trial and, on October 14, 2010, issued a letter opinion finding, *inter alia*, that the Debtor breached the Agreements.  Specifically, Judge Ciuffani found that "[the Debtor] had [information] about R.L. Plastics as a result of working for [A&A] for an extended period of time and used that proprietary information for the unauthorized purpose of stealing [A&A's] main customer."  See Adv. Pro. Docket No. 1, Exhibit 5 to Complaint, Copy of Judge Ciuffani's Letter Opinion, p. 6.  On January 24, 2011, Judge Ciuffani entered an order directing the Debtor to pay to A&A money damages, in the amount of $36,632.79, for services provided through November 22, 2010 (subject to further charges after that date), as well as certain attorneys' fees. Id., Exhibit 4 to Complaint.

Based on the foregoing, A&A asserts in its Complaint that the state court damage award should be considered non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).  Thus, A&A asks this Court to: (i) declare non-dischargeable the money damages award A&A obtained in the state court litigation, and (ii) grant summary judgment in favor of A&A.  For the reasons that follow, the Court finds that the damage award obtained by A&A in the state court is non-dischargeable pursuant to § 523(a)(6) and, therefore, grants summary judgment in favor of A&A on Count I of the Complaint.[1]

### III.     This Court is Bound by the State Court's Findings

In light of Judge Ciuffani's decision and final judgment in the state court action, this Court is subject to principles of collateral estoppel.  See Leonelli-Spina v. Albro, 2010 U.S. Dist. LEXIS 32105, 14-15 (D.N.J. Apr. 1, 2010) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was entered") (citations omitted).  Collateral estoppel "bars relitigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action." Tarus v. Borough of Pine Hill, 189 N.J. 497 (2007) (quotations omitted).  A party asserting collateral estoppel must show that: (i) the issue to be precluded is identical to the issue decided in the prior proceeding; (ii) the issue was actually litigated in the prior proceeding; (iii) the court in the prior proceeding issued a final judgment on the merits; (iv) the determination of the issue was essential to the prior judgment; and (v) the

---

[1] The Court notes that it need only find in favor of A&A on one of the three asserted Counts in order to rule that the state court damage award is non-dischargeable.

3

party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. Twp. of Middletown v. Simon, 193 N.J. 228 (2008).

In this case, it is clear that the Court is bound by Judge Ciuffani's findings in the state court litigation. The state court fully litigated and decided by final judgment issues essential to the court's ruling on A&A's breach of contract claim, including, *inter alia*, issues relating to: (i) the Debtor's relationship with A&A, (ii) the Debtor's conduct and actions as they relate to the Agreements, and (iii) findings relating to the Debtor's credibility. Indeed, the state court found that the Debtor used A&A's proprietary information for the unauthorized purpose of stealing A&A's main customer. As discussed in greater detail below, these overriding issues are relevant to the litigation before this Court. Additionally, both A&A and the Debtor were parties to the state court litigation. Thus, the Court finds that it must not re-litigate those issues that have already been decided in the state court action.

**IV.    The Damage Award Owed by the Debtor to A&A is Excepted from Discharge Pursuant to 11 U.S.C. § 523(a)(6)**

Section 523 of the Bankruptcy Code provides exceptions to discharge of debts in bankruptcy. See 11 U.S.C. § 523. Further, as explained in In re Wulster, "[t]he party objecting to the dischargeability of a debt bears the burden of proving by a preponderance of the evidence that the particular debt falls within one of the exceptions to discharge enumerated in Section 523(a)." 2012 U.S. Dist. LEXIS 22479, *8 (D.N.J. 2012), citing Grogan v. Garner, 498 U.S. 279, 291 (1991) and In re Singer, 2010 U.S. Dist. LEXIS 97604 (D.N.J. 2010). Thus, it is A&A's burden to prove that the money damages award in the state court litigation falls within the parameters of § 523.

4

Section 523(a)(6) provides that "[a] discharge…does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "An injury is 'willful and malicious' within the meaning of Section 523 'when the actor purposefully inflicts injury or acts in such a manner that he is substantially certain that injury will result.'" In re Wulster, 2012 U.S. Dist. LEXIS at *8 (citations omitted); see also In re Lopez, 378 Fed. Appx. 610, 612 (9th Cir. 2010) ("Section 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct") (citations omitted). "Mere reckless or negligent conduct does not fall within the scope of [§] 523(a)(6)." Id., citing Kawaauhau v. Geiger, 523 U.S. 57, 63-64 (1998).

In determining whether the Debtor's actions constitute willful and malicious acts for purposes of § 523(a)(6), the courts finds In re Lopez, *supra*, to be instructive. There, the Ninth Circuit affirmed the lower courts' findings, which were based on a state court ruling that the debtor acted with willful and malicious intent to injure plaintiff by utilizing proprietary customer information to solicit plaintiff's customers, and therefore held plaintiff's claim to be non-dischargeable pursuant to § 523(a)(6). Lopez, 378 Fed. Appx. at 610. The Ninth Circuit noted that while "the state court did not expressly state that [the debtor] believed that injury was substantially certain to result,…[the court could] infer from the state court's findings that [the debtor] had a subjective belief that his actions would cause injury to [plaintiff]." Id. at 612.

It is clear from the record before this Court that A&A has produced sufficient evidence to demonstrate that the money damages award in the state court litigation should be non-

5

dischargeable pursuant to § 523(a)(6).  Although the underlying state court litigation was based primarily on a breach of contract claim, the underlying actions of the Debtor sufficiently demonstrate intentional willful and malicious conduct on the part of the Debtor.  See e.g., In re Coley, 433 B.R. 476, 499 (Bankr. E.D. Pa. 2010) ("An intentional breach of contract is excepted from discharge under § 523(a)(6) only when it is accompanied by malicious and willful tortious conduct") (citations omitted); see also In re Jercich, 238 F.3d 1202, 1205 (9th Cir. 2001) ("[T]here is nothing in the language of § 523(a)(6) to indicate that a debt arising from a breach of contract is excepted from discharge only if the debtor's conduct would be tortious even if no contract existed.  To the contrary, although § 523(a)(6) generally applies to torts rather than to contracts and an intentional breach of contract generally will not give rise to a non-dischargeable debt, where an intentional breach of contract is accompanied by tortious conduct which results in willful and malicious injury, the resulting debt is excepted from discharge under § 523(a)(6)").

Here, although the Debtor executed the Agreements, which specifically prohibited him from using A&A's proprietary information, including, *inter alia*, shipping patterns and shipping needs, customer lists, and customer information, the Debtor consciously chose to ignore the Agreements to the detriment of A&A.  Indeed, there can be no doubt that the Debtor knew that A&A would be injured by his conduct.  As set forth above, Judge Ciuffani conducted a trial on the merits and clearly found that the Debtor improperly used proprietary information of A&A in order to steal A&A's customer, R.L. Plastics.  It is beyond peradventure that luring a customer away from A&A would inflict economic injury.  Accordingly, this Court finds that the Debtor's

Case 11-02117-MBK    Doc 8    Filed 03/22/12    Entered 03/23/12 11:51:06    Desc Main
          Document       Page 7 of 8

actions were willful and malicious and will infer from Judge Ciuffani's findings that the Debtor had a subjective belief that those actions would cause injury to A&A.

Alternatively, the Court finds as a basis for discharge under § 523(a)(6) that the Debtor willfully and maliciously *converted* A&A's proprietary information. In <u>Bondi v. Citigroup, Inc.</u>, the New Jersey Appellate Division explained the tort of conversion as follows:

> The common law tort of conversion is defined as the "'intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" <u>Chicago Title Ins. Co. v. Ellis</u>, 409 N.J. Super. 444, 454 (App. Div.) (quoting Restatement (Second) of Torts § 222A(1) (1965)), certif. denied, 200 N.J. 506, 983 A.2d 1113 (2009). This tort has evolved to apply to "money, bonds, promissory notes, and other types of securities, as long as the plaintiff has an actual interest in the security and it is capable of misuse in a way that would deprive the plaintiff of its benefit." <u>Cargill Global Trading v. Applied Dev. Co.</u>, 706 F. Supp. 2d 563, 578 (D.N.J. 2010).

423 N.J. Super. 377, 431 (App. Div. 2011). Further, this Court notes that conversion may apply equally to intangible assets. <u>See</u>, <u>e.g.</u>, <u>In re Romano</u>, 385 B.R. 12 (Bankr. D. Mass. 2008) ("[T]he Court finds, as an alternative basis for an exception to discharge, that [the debtor] willfully and maliciously converted accounts receivable purchased by [plaintiff]…").

As the Court has expressed above, there is no doubt that the Debtor's actions were willful and malicious. Furthermore, the Debtor improperly utilized A&A's proprietary information -- information that is property of A&A -- with the subjective intent to injure A&A by stealing one of its customers. Accordingly, the Court finds that, at a minimum, the Debtor converted A&A's proprietary information.

V.  **Conclusion**

In light of the foregoing, the Court: (i) finds that the damage award issued in the state court is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6), and (ii) grants summary judgment in favor of A&A on Count I of the Complaint. Counsel for A&A is directed to submit a proposed form of order consistent with the Court's findings.

*[signature]*

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 22, 2012

8